UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| William Douglas Dawson, Jr., #248371, ) | C/A No. 4:13-2236-DCN-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Ass. Warden Denis Bush; Warden Larry Cartledge; Ass. ) | |
| Warden Florence Mauney, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's Motion to Compel (doc. #79). Defendants filed a response in opposition to Plaintiff's Motion. (Doc. #86).

In his Motion to Compel, Plaintiff seeks an order compelling the production of certain documents. Plaintiff's Request for Production of documents to Defendants and their responses are as follows:

> Request No. 1:[1]  Copies of Investigations on all Defendants.
>
> Response:  Objection. This Request is overbroad. The Defendants would further object on the grounds that the requested information is outside the scope of discovery in that it does not relate to the issues raised in the Complaint, nor is it likely to lead to relevant information. In addition, any information of this type would raise security and privacy issues. Subject to those objections, there was no use of force involving the Plaintiff during the time of the allegations of the Complaint.

(Doc. #86-1).

In his Motion to Compel, Plaintiff asserts that since he is a *pro se* Plaintiff, he has "a right

---

[1] For purposes of this order, Plaintiff's requests for production of documents will be addressed as "RFP" followed by the appropriate numerical requests.

to this information to help litigate this civil action." (Doc. # 79 at 2).

Plaintiff'S RFP 1 is overly broad. Defendants should, nonetheless, respond to a request for documents to the extent it is not objectionable. See Author's Commentary to Rule 34, Fed.Civ.R. Handbook (2014). In compliance, Defendants responded there is "no investigative materials related in any way to the Plaintiff or the allegations raised in his complaint." Defendants' response is sufficient and Plaintiff fails to show otherwise. Therefore, Plaintiff's motion to compel regarding RFP1 is denied.

> Request No. 2:    Use of force reports on each Defendant while employment with SCDC.
>
> Response:    Objection. This request is overbroad. The Defendants would further object on the grounds that the requested information is outside the scope of discovery in that it does not relate to the issues raised in the Complaint, nor is it likely to lead to relevant information. In addition, any information of this type would raise security and privacy issues. Subject to those objections, there was no use of force involving the Plaintiff during the time of the allegations of the Complaint.

(Doc. #86-1).

Defendants have objected generally that the request is overbroad and specifically that no documents exist that are responsive to the request. Again, the RFP 2 is overbroad and Defendants have provided a sufficient response. Plaintiff fails to show otherwise.[2] Thus, the motion is denied

---

[2] Plaintiff alleges that he was placed in restraints and escorted while other inmates in the area were not, which he asserts constituted a threat on his life. He does not allege any injuries as a result. Further, Plaintiff alleges that he was placed on deadlock status, and that he was placed in lock-up and required to serve remaining disciplinary detention time after he had been released from lock up. Plaintiff alleges a violation of due process, violation of his equal protection rights, restriction of his freedom of association, and, arguably, an Eighth Amendment violation.

2

as to RFP2.

>Request No. 4:    Video (from security cameras) of Perry Correctional institutional yard on 7-30-12 from 1:20 p.m. through 2:20 p.m.
>
>Response:    None exists. Security cameras did not record.

(Doc. #86-1).

In his motion to compel, Plaintiff asserts that he needs this video to show and prove that Defendant Bush endangered Plaintiff's life by walking Plaintiff pass other inmates, while the Plaintiff was in full restraints. Defendants have responded that the cameras in that area do not record and, thus, there are no videos in existence. Plaintiff's motion is denied as to RFP 4.

>Request No. 5:    Main control log book records for 7-30-12 and Perry Correctional Institution log book for 7-30-12.
>
>Response:    The main control log book and Institutional operations log book for July 30, 2012, cannot be located.

(Doc. #86-1).

In the motion to compel, Plaintiff asserts that "these are two separate and distinct log book (records) that two separate and different officer's were keeping records of, who came in operations, why they came in and who escorted them. These records will also document if the yard was lockdown or not on 7-30-12."

In response to the motion to compel RFP 5, Defendants contend that the requested logbooks cannot be located and they are not required to produce documents that do not exist or cannot be found through a diligent search.

Within five (5) days of the date of this order, Defendants shall provide responsive documents to RFP 5 that are in their possession, control or custody. If no such documents have been located and

are not in their possession, control, or custody, Defendants shall provide to Plaintiff an affidavit of any appropriate records custodian reflecting no such documents exist.

> Request No. 6:     All investigation reports and all information found through this investigation on the Plaintiff from 7-30-12 through 12-1-12.
>
> Response:     There are no investigation Reports on Plaintiff dated July 30, 2012, through December 1, 2012.

(Doc. #86-1).

In the motion to compel with respect to RFP 6, Plaintiff asserts that this information is critical to the Plaintiff's claim to show that he was placed under investigation, placed on lock up, and that these Defendants never conducted any investigation. Defendants responded that there are no documents responsive to this request. Defendants have responded to RFP 6 and, therefore, Plaintiff's motion to compel RFP 6 is denied.

> Request No. 7:     Any and all incident reports done on the Plaintiff from 7-30-12 though 12-1-12.
>
> Response:     Enclosed are two Incident Reports dated July 30, 2012, relating to the Plaintiff. There are no other incident Reports that would be responsive to this request.

(Doc. #86-1).

In the motion to compel, Plaintiff asserts that he needs these documents to prove that he was never supposed to have been on lock up. Defendants assert that they have provided all documents which would be responsive to this request. Therefore, Plaintiff's motion to compel RFP 7 is denied.

> Request No. 8:     SCDC's "Institutional Lock-Down" policy.
>
> Response:     Objection, restricted policies cannot be possessed or viewed by inmates due to security reasons. Non-restricted policies are available through the institution law library.

(Doc. #86-1).

In the motion to compel, Plaintiff states that he needs the lockdown policy to show that when Defendant Bush escorted the Plaintiff up the prison compound in restraints, the institution was supposed to have been placed on lock down. Defendants respond that the release of information concerning lock downs would pose serious security issues as lock downs are generally the result of an incident or concern which merits the lock-down of the entire institution or a particular dorm. Additionally, Defendants assert that the complaint does not contain any allegations for which the institutional lock down policy would be relevant as Plaintiff's complaint alleges that he was escorted by an officer or officers across the yard during the time that other inmates were moving across the yard during controlled movement. Plaintiff's only reference to a lock down was an event which he alleges occurred prior to the date he was escorted across the yard.

Rule 26(b)(2)(C)(i), Fed.R.Civ.P., provides that discovery may be limited where it can be obtained from some other source that is more convenient, less burdensome or less expensive. However, Defendants have not argued that production of the non-restricted policies is inconvenient, burdensome or expensive. Further, Defendants' objection that Plaintiff has access to policies in the law library is not an appropriate response to an otherwise well-founded discovery request. Thus, Defendants are ordered to produce such non-restricted policies to Plaintiff within five (5) days of the date of this Order. Plaintiff's motion to compel RFP8 is denied as to the restricted policies. The burden to the security of SCDC institutions that would be caused by production of the restricted policy outweighs Plaintiff's benefit in receiving it. Plaintiff fails to make a showing of any need in this case for such policies that would outweigh the security interests of the SCDC institution.

<u>Request No. 9</u>:     SCDC's Op-2201 "Use of Force" policy.

      Response:          Objection. Restricted polices cannot be possessed or viewed by inmates due to security reasons. Non-restricted policies are available through the institution law library.

(Doc. #86-1).

Plaintiff argues that he needs the "Use of Force policy" to show that Defendant Bush violated this policy when he placed the Plaintiff's life in danger by forcing handcuffs on the Plaintiff on a wing of 95 hostile inmates standing around looking on. Defendants respond that the Use of Force policy is a restricted policy and cannot be possessed or viewed by inmates due to security reasons and the production of the Use of Force policy and procedure would raise serious security concerns. Defendants argue that to release this information would threaten the security of officers, staff and other inmates with the institution. In addition, Defendants argue that Plaintiff has not alleged a use of force in his complaint so that the policy would not be relevant nor likely to lead to relevant information.

A court can limit discovery when the burden of the discovery would outweigh the benefits. Rule 26(b)(2)(C)(iii), Fed.R.Civ.P. The burden to the security of SCDC institutions that would be caused by production of this restricted policy outweighs Plaintiff's benefit in receiving it. Further, the court notes that prisoners do not have a constitutionally recognized liberty interest in a particular security classification. In addition, prison regulations are valid if they are reasonably related to a legitimate penological interest and substantial deference should be given to the decisions of prison administrators, especially when those decisions deal with issues of prison safety and security. Hause v. Vaught, 993 F.2d 1079, 1082 (4th Cir.1993) (*quoting* Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)). Thus, Plaintiff's motion is denied with respect to policy OP–22.01 Use of Force policy.

> Request No. 10:     Perry Corr. Inst.'s memorandum/institutional policy govern disciplinary detention that was developed by Warden Larry Cartledge.
>
> Response:     Objection. Any memorandum concerning security or restricted policies are not allowed to be possessed or viewed by inmates due to security concerns.

(Doc. #86-1).

In the motion to compel RFP 10, Plaintiff asserts that Op-22.14 (1.1) states that "all rules and regulations must be in written form describing sanctions and penalties and must be distributed for inmates to review." Plaintiff asserts that he has never seen this memorandum but that he fits the criteria of this memorandum to be placed in general population. Defendants respond that any memorandum concerning security or restricted policy are not allowed to be possessed or viewed by the inmates because releasing this information would threaten the security of officers, staff and other inmates within the institution.

Generally, the court does not order SCDC to produce restricted policies to inmates. See, e.g., Nicholas v. Ozmint, No. 8:05–3472–RBH, 2006 WL 2711852, at *5 (D.S.C. Sept.20, 2006). Plaintiff fails to show that his interest in this case outweighs the security interests of the institution. To the extent the requested policies are non-restricted, Plaintiff's motion is granted, and Defendants are ordered to produce such policies to Plaintiff within five (5) days of the date of this Order.

> Request No. 11:     A copy of the memorandum/Institutional policy govern inmate visitation privileges reinstatement.
>
> Response:     Objection. Any memoranda concerning security or restricted polices are not allowed to be possessed or viewed by inmates due to security concerns.

(Doc. # 86-1).

In the motion to compel, Plaintiff asserts that he needs this document to show that Plaintiff

is over a year disciplinary free and fits the criteria of this memorandum to have his visitation privileges reinstated but has been refused this privilege by Defendant Cartledge. Defendants respond that the production of any memoranda related to a restricted policy would raise the same security concerns as set out in the response to RFP 10. However, Defendants fail to identify the specific security risk in producing the policy setting forth the process to have visitation privileges reinstated. To the extent the policies are restricted, the court generally will not order production. See, *e.g.*, Nicholas v. Ozmint, supra. However, Defendants shall produce non-restricted memorandum/institutional policy regarding visitation reinstatement within five (5) days of the date of this Order. To the extent Defendants assert responsive documents are restricted, they shall provide further explanation of why memorandum/institutional policy addressing visitation reinstatement protocol should not be produced.

> Request No. 12:    Any and all document required by Rule 803(3), (4), (5), (6), (7), (8), (9), (19), (20), (21), and (22).
>
> Response:    Rule 803 of the Federal Rules of Evidence lists the exceptions to the Hearsay Rule and does not require the production of any documents. It is unclear what Plaintiff is seeking in this request.

(Doc. # 86-1).

In the motion to compel RFP 12, Plaintiff asserts that "I the Plaintiff need to know this Information to show any psychosis and the Defendants' mental stability." (Doc. # 79). Defendants respond that they are not sure what Plaintiff is seeking in this request but Rule 803 does not require the production of any documents or information and simply lists the exceptions to the Hearsay Rule. It is unclear what Plaintiff is requesting and is an improper discovery request. Thus, RFP 12 is denied.

Accordingly, Plaintiff's Motion to Compel (doc. #79) is granted in part and denied in part as set forth above.

IT IS SO ORDERED.

s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge

July 9, 2014
Florence, South Carolina